USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 08/11/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
ELIZABETH TERRY, :
:
                Plaintiff, :
: No. 15-CV-9660 (RA)
      v. :
: MEMORANDUM & ORDER
CORPORATION FOR NATIONAL AND : ADOPTING REPORT &
COMMUNITY SERVICE, : RECOMMENDATION
:
                Defendant. :
:
-----------------------------------------------------------:
                              X

RONNIE ABRAMS, United States District Judge:

Plaintiff Elizabeth Terry, proceeding *pro se*, brings this action against Defendant Corporation for National and Community Service ("CNCS"), asserting a variety of claims related to her participation in the Volunteers in Service to America ("VISTA") program. Before the Court is the March 21, 2017 Report and Recommendation of the Hon. Sarah Netburn, United States Magistrate Judge, recommending that the Court grant Defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons set forth below, the Court adopts this recommendation.

## BACKGROUND[1]

Between August 30, 2014 and February 24, 2015, Terry served as a VISTA member. As the agency charged with administering the VISTA program, CNCS placed Terry with World Cares Center, a non-profit organization located in New York. On February 25, 2015, CNCS terminated Terry's service for lack of a suitable reassignment.

---

[1] The Court assumes familiarity with the facts underlying this case, *see* Report at 2–4, and recites only those facts relevant to Plaintiff's objections.

On October 27, 2015, Terry filed suit against CNCS in state court. The action was then removed to this Court, where Terry twice amended her complaint. Terry's second amended complaint claims that CNCS did not pay her the full amount of her allowance under the VISTA program, denied her unemployment insurance following her termination, did not provide her the type of education her employer had promised, was negligent with respect to a cyberattack on the Office of Personnel Management, and gave her an unreasonable workload. *See* SAC at 2, 4 (Dkt. 22-1). On September 26, 2016, CNCS moved for judgment on the pleadings. *See* Dkt. 40.

On March 21, 2017, Judge Netburn issued a Report and Recommendation (the "Report"), recommending that the Court grant CNCS's motion in its entirety. *See* Dkt. 52. Judge Netburn concluded that the Court lacks jurisdiction over this action because CNCS, as a federal agency, had not waived sovereign immunity for Terry's claims. *See* Report at 6–8. Judge Netburn further concluded that, to the extent that Terry sought to assert a claim for negligence under the Federal Tort Claims Act, the Court would nonetheless lack jurisdiction because Terry had failed to name the United States as a defendant. *See id.* at 8–9. Finally, Judge Netburn determined that, even if the Court had jurisdiction over this action, Terry had failed to state a claim for relief. *See id.* at 9–18.

On April 26, 2017, after receiving an extension, Terry filed objections to the Report. *See* Pl.'s Letter to Ct. (Apr. 26, 2017) ("Pl.'s Obj.") (Dkt. 56). On May 9, 2017, CNCS filed a response. *See* Def.'s Resp. (Dkt. 57).

## STANDARD OF REVIEW

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under Federal Rule of Civil Procedure 72(b), a party may make "specific written objections to the proposed findings and

recommendations" within fourteen days of being served with a copy of a magistrate judge's recommended disposition. Fed. R. Civ. P. 72(b)(2). A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, "[w]hen a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *George v. Prof'l Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 433 (S.D.N.Y. 2016) (citation omitted); *see also Vega v. Artuz*, No. 97-CV-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) ("[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review.").

## DISCUSSION

Terry argues that, contrary to Judge Netburn's conclusion, the Court has jurisdiction over her claims. *See* Pl.'s Obj. at 1. The Court need not decide whether to review this objection de novo or for clear error, as it finds no error, clear or otherwise, in Judge Netburn's conclusion that the Court lacks jurisdiction.

"Absent an 'unequivocally expressed' statutory waiver, the United States, its agencies, and its employees (when functioning in their official capacities) are immune from suit based on the principle of sovereign immunity." *County of Suffolk v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010) (quoting *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260–61 (1999)). "The waiver of sovereign immunity is a prerequisite to subject-matter jurisdiction." *Presidential Gardens Assocs. v. United States*, 175 F.3d 132, 139 (2d Cir. 1999); *see also FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature."). In this case, Terry has provided no basis for concluding that CNCS, as an agency of the United States, has waived sovereign

immunity. As Judge Netburn correctly explained, the government has waived sovereign immunity over employment-related claims under certain statutes, such as the Civil Service Reform Act of 1978 ("CSRA") or the Fair Labor Standards Act of 1934 ("FLSA"). These statutory waivers of sovereign immunity are inapplicable in this case, however, because Terry was not a federal employee. With certain exceptions not applicable here, VISTA volunteers "shall not be deemed Federal employees and shall not be subject to the provisions of laws relating to Federal officers and employees and Federal employment." 42 U.S.C. § 5055(a); *see Cameron v. Wofford*, 955 F. Supp. 1319, 1322 (D. Kan. 1997) ("Congress has expressly stated that a VISTA volunteer shall not be considered a federal employee."). Accordingly, to the extent that Terry seeks to assert employment-related claims under either the CSRA or the FLSA, neither of these statutes waives sovereign immunity over her claims.

Nor does the Court have jurisdiction over Terry's negligence claim under the Federal Tort Claims Act ("FTCA"). Pursuant to 42 U.S.C. § 5055(b), a VISTA volunteer may be deemed a federal employee for the purposes of the FTCA, provided that she is enrolled for part-time service of at least twenty hours per week for at least twenty-six consecutive weeks. *See* 42 U.S.C. § 5055(b). "The FTCA, however, precludes tort suits against federal agencies," and "[t]he only proper federal institutional defendant in such an action is the United States." *Rivera v. United States*, 928 F.2d 592, 609 (2d Cir. 1991) (citing 28 U.S.C. § 2679(a)). Thus, any FTCA claim asserted against a federal agency must be dismissed for lack of federal jurisdiction. *See id.* Here, Terry has named only CNCS, and not the United States, as a defendant. Even assuming that Terry could be deemed a federal employee for purposes of asserting a claim under the FTCA, any FTCA claim she seeks to assert must be dismissed for lack of jurisdiction. *See id.* Moreover, Judge Netburn correctly recognized that even if Terry cured this defect through an amendment, she has

not exhausted the FTCA's administrative remedies—a jurisdictional requirement that cannot be waived. *See Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005). Judge Netburn was therefore correct in determining that the Court lacks jurisdiction over Terry's negligence claim under the FTCA.

In sum, the Court lacks jurisdiction over this action. CNCS is entitled to judgment on the pleadings under Rule 12(c).

## CONCLUSION

For the foregoing reasons, the Court adopts Judge Netburn's thorough and well-reasoned Report in its entirety. CNCS's motion for judgment on the pleadings is granted. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: August 11, 2017
New York, New York

Ronnie Abrams
United States District Judge